**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BHARAT S. THAKKAR**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:** |
| | ) | |
| vs. | ) | |
| | ) | |
| **NORTHERN ILLINOIS UNIVERSITY,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(AGE DISCRIMINATION IN VIOLATION TO THE ADEA)**

NOW COMES the Plaintiff, **BHARAT S. THAKKAR** ("Plaintiff"), by and through his

attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the

**NORTHERN ILLINOIS UNIVERSITY** ("Defendant" or "NIU"), and states as

follows:

**INTRODUCTION**

1.    This is an action to remedy violations of the rights, and claim for benefits, of

Bharat S. Thakker under the Age Discrimination in Employment Act of 1967, as

amended (hereinafter sometimes referred to as the "ADEA"), 29 U.S.C. § 621-634.

**JURISDICTION AND VENUE**

2.   Plaintiff brings this action for benefits under the Age Discrimination in

Employment Act of 1967, as amended, under the specific provisions of 29 U.S.C. §

626(c).

3.    Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age

Discrimination in Employment Act, 29 U.S.C. § 626 (b), and Venue 28 U.S.C. § 451 and 1331, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. § 2201 and 2202 relating to declaratory judgments.

4.    The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division, where Defendant does conduct some business, therefore venue is proper pursuant to 20 U.S.C. § 1391(c).

## PARTIES

5.    Plaintiff is an adult person and a resident of Wheaton, DuPage County, State of Illinois.

6.    Plaintiff has been an employee of Defendant since in January of 2001.

7.    At all times relevant, NUI, has been and is a not for profit University and is Plaintiff's employer.

8.    Defendant is an employer within the meaning of the ADEA and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

9.    Plaintiff was hired by Defendant as a part -time Instructor.

10.    At all times relevant, Defendant has continuously had and now has at least five hundred or more (500+) employees.

11.    Plaintiff was seventy-five (75) years of age at the relevant times and falls within the group protected by the ADEA.

12.    At all times material herein and hereinafter mentioned Defendant has engaged in,

and employed its employees in, commerce within the meaning of the ADEA.

13.    Plaintiff met and exceeded the high-performance standards of his employer.

14.    On or about March 7, 2017, Defendant willfully discriminated against Plaintiff because of his age by treating him differently in terms and conditions of significantly younger, less qualified, and less experience person.

15.    Although Plaintiff inquired as to the reason for his being cut-down on school curriculum courses, Defendant refused to provide a true reason.

16.    As a result of Defendant's actions, the Plaintiff has been deprived of his wages and employment benefits.

17.    In addition, the Plaintiff seeks to be reinstated to more school curriculum courses, but if he is not reinstated, he will continue to be deprived of wages and employment benefits in the future. The Plaintiff is therefore entitled to an award of front pay if this is not possible.

18.    Defendant's intentionally, and/or with reckless indifference, engaged in the above stated discriminatory practices against Plaintiff, contrary to Plaintiff's federally protected rights as guaranteed to him under the ADEA, 29 U.S.C. § 621-634.  The intentional and discriminatory conduct of Defendant complained about herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of liquidated damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

## PROCEDURAL FACTS

19.    Plaintiff protested his unlawful treatment, and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago ("EEOC"), Illinois. A true and correct copy of the Charge of Discrimination is attached

3

hereto as Exhibit "A" and incorporated herein. The EEOC did then issue a Notice of

Right to Sue letter on January 5, 2018. A true and correct copy of the Notice of Right to

Sue is attached hereto as Exhibit "B" and incorporated herein.

20.    This action has been timely filed within ninety (90) days of the receipt of the
EEOC Notice of Right to Sue.

## PRAYER FOR RELIEF

Defendant's intentional willful and wanton conduct and reckless willful and wanton

conduct caused injuries, damages, and harm to Plaintiff, including but not limited to, past

and future economic loss, past and future non-economic losses, including loss of

reputation, shame humiliation, inconvenience, mental anguish, impairment in the quality

of life, and consequential losses.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to

make the plaintiff whole, including:

1. Reinstatement of school courses or, alternatively, front pay;

2. Damages including loss of pay and benefits;

3. Statutory liquidated damages due to the Defendant's willful conduct;

4. Prejudgment interest and post-judgment interest at the highest rate allowed by
   law;

5. Grant a permanent injunction enjoining Defendant, it officers, successors, assigns
   and all persons in active concert or participation with it, from engaging in any
   employment practice which discriminates on the basis of age against individuals
   forty (40) years of age and older.

6. Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for individuals forty (40) years of age

and older, which eradicate the effects of its past and present unlawful employment

practices.

7. Attorneys' fees, expert witness fees, and costs incurred in this action; and

8. Grant such other relief as the Court may find just, equitable and appropriate.

## AS AND FOR A SECOND CAUSE OF ACTION
## (ADEA-RETALIATION)

21. Plaintiff realleges each and every allegation set forth above with the same force **and**

effect as if more fully set forth herein.

## STATEMENT OF FACTS

22. At all times relevant to this claim Plaintiff was participating in a statutorily protected

activity by complaining of his wrongful treatment to Dr. Federico Sciammarella

23. The ADEA prohibits employers, such as Defendant, from retaliating against

individuals engaged in a protected activity while they are still employed.

24. Defendant and Defendant's agent Dr. Federico Sciammarella intentionally and

maliciously retaliated against Plaintiff by subjecting Plaintiff to a materially adverse

action wherein they created a retaliatory environment.

26. By reason of the retaliation of Defendant, Plaintiff has suffered commercial losses,

emotional pain, suffering, humiliation, dignitary injury and mental anguish; and costs,

including attorney's fees, in pursuing redress for Defendant's retaliation, all to his

damage.

27. Further, said action on the part of Defendant was done with malice and reckless

disregard for Plaintiff's protected rights; and the retaliatory acts are reasonably likely to

deter Defendant's current and former employees from engaging in protected activity in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For relief required to make Plaintiff whole for all losses caused by the violations of Defendant and Defendant's agents;

3. For compensatory damages in an amount according to proof;

4. For statutory liquidated and/or punitive damages due to the Defendant's willful conduct;

5. For prejudgment interest and post-judgment interest at the highest rate allowed by law:

6. For costs of suit, including reasonable attorney's fees and expert fees;

7. For an order enjoining Defendant from engaging in any such unlawful employment practice under the ADEA; and

8. For such other affirmative action and relief as the court deems just, proper, equitable and appropriate.

## JURY DEMAND

The Plaintiff requests a jury trial of this action.

**BHARAT S. THAKKAR**
BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

6