UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BHARAT S. THAKKAR,<br><br>    Plaintiff,<br><br>V.<br><br>NORTHERN ILLINOIS UNIVERSITY,<br><br>    Defendant. | Case No. 18-cv-2233<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Daniel Martin |

**DEFENDANT NORTHERN ILLINOIS UNIVERSITY'S MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S CORRECTED COMPLAINT
PURSUANT TO RULES 12(b)(1), 12(b)(6), AND 12(f)**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f), Defendant Northern Illinois University ("NIU" or "University")[1] moves to dismiss and to strike the Corrected Complaint ("Complaint") of Plaintiff Bharat S. Thakkar. In support of its motion, Defendant NIU states as follows:

1. Plaintiff, a part-time Instructor at NIU, claims that NIU discriminated and retaliated against him in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), when it offered him a contract to teach fewer courses for the 2018-19 academic year than he had previously taught.

2. Plaintiff's claim is fatally deficient because: (1) under the Eleventh Amendment, NIU is immune from suit for damages by any citizen; (2) in any event, Plaintiff's allegations are

---

[1] This Motion is filed on behalf of the Board of Trustees of Northern Illinois University. Northern Illinois University, also referred to as "NIU" or "the University" in Plaintiff's Corrected Complaint, is the name of the public university that was Plaintiff's employer at all times relevant to the allegations in the Corrected Complaint, but the proper legal name of Northern Illinois University is the Board of Trustees of Northern Illinois University.

CHI-172500-2           1

not sufficient to allege a viable claim of age discrimination or retaliation under the ADEA; and (3) some of the relief Plaintiff seeks is barred as a matter of law.

3. This court lacks subject matter jurisdiction over either of Plaintiff's claims against NIU because they are barred by the Eleventh Amendment, which bars actions for damages in federal court against a state agency. *See* U.S. Const. Amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (internal citations omitted).

4. NIU, an Illinois state university, is an arm of the state that is protected by the Eleventh Amendment. *See Osteen v. Henley*, 13 F.3d 221, 223-24 (7th Cir. 1993) (applying Eleventh Amendment protection to Northern Illinois University).

5. None of the exceptions to the Eleventh Amendment's bar apply to Plaintiff's action against NIU because: (1) the State of Illinois has not waived its Eleventh Amendment immunity, *see* 745 ILCS 5/1; (2) Congress has not abrogated NIU's immunity with respect to claims brought under the ADEA through a valid exercise of its powers, *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000); and (3) the *Ex parte Young* doctrine does not apply to this case. Plaintiff has sued NIU, not any state official, and Plaintiff seeks relief well beyond prospective equitable relief. *See generally Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695-97 (7th Cir. 2007).

6. Plaintiff's claim of ADEA discrimination (Count I) should also be dismissed pursuant to Rule 12(b)(6) because the Complaint omits factual allegations supporting the elements required to state a claim for discrimination under the ADEA.

7. Plaintiff does not allege facts sufficient to show that NIU "instituted a (specified) adverse employment action" against Plaintiff and that NIU did so "because of [Plaintiff's] age."

*See Kirley v. Bd. of Educ. of Maine Twshp. High School*, No. 13 C 1706 JFH, 2013 WL 6730885, *7 (N.D. Ill. Dec. 20, 2013).

8. Specifically, Plaintiff fails: (a) to plead in what respect NIU allegedly treated him differently or to identify any of the "terms and conditions" (Cmplt. ¶14); (b) to identify any younger, less, qualified, or less experienced NIU employees who were treated more favorably by NIU; or (c) to allege facts suggesting a connection between his age and the fact that he allegedly was rehired to teach fewer courses. *See Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

9. Plaintiff has likewise fallen well short of his burden to state a viable claim of retaliation under the ADEA, pleading instead only a perfunctory recitation of the elements of a claim of dismissal.

10. Plaintiff alleges only that NIU and its "agent[,]" Dr. Sciammarella, "intentionally and maliciously retaliated against Plaintiff by subjecting Plaintiff to a materially adverse action wherein they created a retaliatory environment." (Cmplt. ¶ 24.)

11. Plaintiff's allegations fail to meet his burden of pleading that he engaged in a legally protected activity, as Plaintiff alleges only that his protected activity was "complaining of his wrongful treatment to Dr. Federico Sciammarella." (Cmplt. ¶ 22); *see Kirley*, 2013 WL 6730885, at *8.

12. Plaintiff's allegation that he was 75 years old at all relevant times shows that he was also within the protected ADEA class at times when NIU offered him a heavier teaching load, which undermines his claim of age-based bias. *See Terhune v. Bd. of Educ. of Zion Elementary School Dist. 6*, No. 12 C 7865 SD, 2013 WL 623603, *2 (N.D. Ill. Feb. 20, 2013).

13. Finally, Plaintiff's claim for "statutory liquidated and/or punitive damages" (Cmplt., Prayer for Relief, p. 6) and his allegations that he suffered, among other things, "emotional pain, suffering, humiliation, dignitary injury and mental anguish," (*Id.* ¶ 26), should be stricken pursuant to Rule 12(f) because it is well established in the Seventh Circuit that punitive damages and damages for pain and suffering are not available under the ADEA. *See Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684, 688 (7th Cir.1982); *Franzoni v. Hartmarx,* 300 F.3d 767, 773 (7th Cir. 2002).

WHEREFORE, and for the reasons stated in this Motion and in the accompanying memorandum, this Court should dismiss Plaintiff's Corrected Complaint against Northern Illinois University in its entirety and strike the claims for relief specified above.

        Respectfully submitted,

        NORTHERN ILLINOIS UNIVERSITY

        By: /s/ Karen L. Courtheoux
            One of Its Attorneys

Scott L. Warner (6231380)
scott.warner@huschblackwell.com
Karen Courtheoux (6303103)
karen.courtheoux@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S CORRECTED COMPLAINT** to be served on the attorney of record listed below by filing the foregoing electronically using the CM/ECF filing system on this 13th day of June 2018:

>Michael T. Smith
>10 N. Martingale Road
>Suite 400
>Schaumburg, IL 60173
>msmith39950@aol.com


/s/ Karen L. Courtheoux